(159 App. Div. 226.)

PEOPLE ex rel. KENEHAN v. HIGGINS, Com'r of Parks.

(Supreme Court, Appellate Division, First Department. November 21, 1913.)

1. MUNICIPAL CORPORATIONS (§ 218*)—EMPLOYÉS—POSITION—ABOLITION—APPROPRIATION—FAILURE TO MAKE.

Failure of the board of estimate and apportionment and the board of aldermen in making up the budget to include any appropriation for the position of foreman wheelwright in the department of parks of the borough of the Bronx operated to abolish such position.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 589–598; Dec. Dig. § 218.*]

2. MUNICIPAL CORPORATIONS (§ 218*)—EMPLOYÉS—POSITION—RIGHT TO APPOINTMENT—WAIVER.

Relator having held the position of "foreman wheelwright" in the department of parks of the borough of the Bronx, the board of estimate and apportionment and the board of aldermen failed to make an appropriation for such position for the year 1913, but made an appropriation for an "additional wheelwright." Relator was at once appointed to such position, but declined the appointment. He requested, however, that his name be certified to be placed on the preferred list of foreman of wheelwrights and brought mandamus to compel his reinstatement as "wheelwright or foreman wheelwright." *Held* that, by refusing to accept the position to which he had been appointed, he thereby waived his right to such appointment, and, the position of foreman wheelwright having been abolished, he was not entitled to relief.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 589–598; Dec. Dig. § 218.*]

Appeal from Special Term, New York County.

Mandamus by the People, on relation of Christopher Kenehan, against Thomas J. Higgins, as Commissioner of Parks, Borough of the Bronx, to compel relator's reinstatement in the position of wheelwright or foreman wheelwright in the department of parks. From a judgment in favor of relator, defendant appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

William E. C. Mayer, of Brooklyn, for appellant.

Alfred J. Talley, of New York City, for respondent.

SCOTT, J. [1, 2] The relator, an honorably discharged fireman, held the position of foreman wheelwright in the park department, borough of the Bronx, until the end of the year 1912; there being only one such position in the department. The board of estimate and apportionment and the board of aldermen, in making up the budget for the year 1913, refused to include any appropriation for the position of "foreman wheelwright," but did provide for an "additional wheelwright." This was equivalent to abolishing the position held by relator and creating a new position in place thereof, and relator's removal from the position of foreman wheelwright was distinctly placed upon the ground that the budget failed to include any funds to pay such an employé. The respondent immediately appointed relator to the position of additional wheelwright, which was provided for by the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

budget; but he declined to accept the appointment and never reported for duty under it. He did, however, request that his name be certified to the Municipal Civil Service Commission to be placed on the preferred list of foreman of wheelwrights. This was done. His demand for reinstatement, served as a preliminary to commencing this proceeding, was that he should be restored to the position of foreman wheelwright. His demand in his petition for a writ of mandamus is that he be reinstated in the position of "wheelwright or foreman wheelwright," while the order appealed from directs his reinstatement to the position of "wheelwright" or "to such other position as he may be fitted to fill."

The relator has clearly debarred himself from any right to be reinstated. He could not be reinstated to the position of foreman wheelwright because no appropriation has been made for that position and it was virtually abolished. In offering him an appointment as wheelwright, the defendant did all that he was legally bound to do, and indeed all that he could do. The relator deliberately refused to accept that appointment, electing to preserve his grade as foreman wheelwright, and, as such, to be placed upon the preferred list. He thereby waived any right he may have had to be appointed wheelwright. The defendant evidently acted in the most perfect good faith, even to the extent of trying to induce the board of estimate and apportionment and the board of aldermen to re-establish the position of foreman wheelwright. The relator, having waived his rights, is not entitled to a mandamus.

Order appealed from reversed, with $10 costs and disbursements, and motion for a writ of mandamus denied. All concur.